IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                              OPINION AND ORDER

                 Plaintiff,

                                         12-cv-338-bbc

        v.

REGINALD MOODY,
MADISON AREA TECHNICAL COLLEGE/MADISON COLLEGE
(OFFICIALS AND STAFF MEMBERS),
RICHARD RICE, FOX & FOX,
CAPITAL NEWSPAPERS, INC. and
CAPITAL TIMES NEWSPAPERS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is one of three lawsuits that pro se plaintiff Glendale Stewart filed in this court on May 8, 2012. The allegations in this lawsuit relate to the events that occurred while plaintiff was attending the Madison Area Technical College. Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted.

I conclude that plaintiff may not proceed with any of his claims at this time. With respect to defendants Richard Rice, Fox & Fox, Capital Times Newspapers, Inc. and Capital Times Newspapers, he does not include any allegations about them in the body of his complaint, so it is impossible to tell why he included them.

With respect to defendant Reginald Moody, plaintiff alleges that he was an instructor

1

at the college who "harassed" plaintiff.  Harassment by an instructor at a public institution could violate federal law under some circumstances, if the harassment was sufficiently severe or pervasive and it was motivated by a protected characteristic such as race or sex.  E.g., Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010) (42 U.S.C. § 1983); Saxe v. State College Area School District, 240 F.3d 200, 206 (3d Cir. 2001)(Title VI of the Civil Rights Act).  In this case, plaintiff identifies four instances of alleged harassment: (1) Moody "held plaintiff['s] book up in front of the class to show the class what not to do and to embarrass plaintiff"; (2) Moody "told that the class that the only person who uses highlighters were those who wanted to invest in the company who makes them"; (3) Moody told the class to "just look around" after saying that some people should not bother to come to class other than for attendance reasons; plaintiff was the only black student in the classroom that day; and (4) Moody gave plaintiff a lower grade than he deserved.

At one point in his complaint, plaintiff says that Moody "racially harass[ed]" him, so presumably plaintiff is alleging that Moody was discriminating against him on the basis of race.   However, the only reason plaintiff identifies for believing that Moody's actions were racially motivated is that plaintiff was the only black student in the classroom on a day that Moody made what plaintiff perceived to be a harassing comment.  However, plaintiff gives no reason to believe that Moody was speaking about him in particular, much less that the comment had anything to do with race.  It is not reasonable to infer race discrimination simply from the fact that plaintiff was a minority in the class.

The pleading standard under Fed. R. Civ. P. 8 is liberal, but it does not allow a

plaintiff to rely on conclusory allegations or "a mere speculative possibility" that the plaintiff is entitled to relief. <u>Abcarian v. McDonald</u>, 617 F.3d 931, 937-38 (7th Cir. 2010). Rather, a plaintiff must provide the defendants adequate notice and "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In other words, the allegations in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). <u>See also</u> <u>Twombly</u>, 550 U.S. at 562 ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory") (quoting <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101 (7th Cir. 1984)). In <u>Riley v. Vilsack</u>, 665 F. Supp. 2d 994 (W.D. Wis. 2009), I concluded that Fed. R. Civ. P. 11 provided a useful guide for determining how specific a complaint should be. In particular, "a complaint should include enough facts to suggest that the plaintiff has reasonable grounds to believe that discovery will lead to evidence that the defendant may be held liable for a particular violation of the law." <u>Id.</u> at 1006. In this case, plaintiff has not alleged enough facts to suggest that discovery will lead to evidence showing that Moody discriminated against him because of his race.

Even if I assumed that it would be reasonable to infer racial discrimination from the complaint, the incidents plaintiff alleges do not amount to "severe or pervasive" conduct. Plaintiff does not allege that Moody touched him, threatened him or used racial slurs. Rather, plaintiff says that Moody made comments on three occasions that embarrassed him and that Moody did not give him the grade he believed he deserved. Because these are

3

experiences shared by countless other students throughout the country, regardless of race, they are not sufficient to sustain a federal lawsuit.  Thompson v. Memorial Hospital of Carbondale, 625 F.3d 394, 401 (7th Cir. 2010) (isolated comments not sufficient to sustain harassment claim); Ford v. Minteq Shapes and Services, Inc., 587 F.3d 845, 847-48 (7th Cir. 2009) (same); Lucero v. Nettle Creek School Corp., 566 F.3d 720, 732 (7th Cir. 2009) (same).

With respect to defendant MATC, plaintiff criticizes its handling of his harassment complaint and alleges that it retaliated against him for complaining about the instructors. In particular, he says that defendant "purposely caus[ed] him to miss his classes" by "not enter[ing] [him] into the system as an IT Program student" and by "refus[ing] to hire [him] for an internship."  Again, plaintiff does not identify a legal theory, though he may mean to assert that his speech was protected under the First Amendment or Title VI.  Pugel v. Board of Trustees of University of Illinois, 378 F.3d 659 (7th Cir. 2004) (42 U.S.C. § 1983); Peters v. Jenney, 327 F.3d 307, 318–19 (4th Cir. 2003) (Title VI).

Like plaintiff's other allegations, these are nothing more than conclusions without any factual support.  Iqbal,  556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Plaintiff does not identify the individuals involved in the decisions, why he believes that either decision was made in retaliation for any speech that he made or even whether the decision makers knew about his speech.  Without any factual context for this claim, the "complaint fails to show that it is at all plausible, rather than perhaps theoretically possible" that defendant MATC violated

4

his rights.  Abrarian, 617 F.3d at 937.

When district courts dismiss a complaint for failing to state a claim, the general rule is to allow the plaintiffs to file an amended complaint in an attempt to fix the deficiencies.  Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008).  Accordingly, I will dismiss the complaint without prejudice to plaintiff's refiling a corrected version.

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.  Plaintiff may have until July 3, 2012, to file an amended complaint that fixes the problems identified in this order.  If plaintiff fails to respond by July 3, the clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 19th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5