IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                     Plaintiff,

   v.

REGINALD MOODY,
MADISON AREA TECHNICAL COLLEGE/MADISON COLLEGE
(OFFICIALS AND STAFF MEMBERS),
RICHARD RICE, FOX & FOX,
CAPITAL NEWSPAPERS, INC. and
CAPITAL TIMES NEWSPAPERS,

                     Defendants.

ORDER

12-cv-338-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Glendale Stewart has filed a proposed amended complaint in an attempt to address his original complaint's deficiencies as identified by the court in an order dated June 19, 2012. I dismissed his racial harassment claim under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act against defendant Reginald Moody because plaintiff failed to allege any facts suggesting that Moody's conduct was "severe or pervasive" or motivated by plaintiff's race, as required to prevail on those claims. Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010); Saxe v. State College Area School District, 240 F.3d 200, 206 (3d Cir. 2001). I dismissed his retaliation claim under the same statutes against defendant Madison Area Technical College because he offered nothing more than conclusions to support a belief that he did not receive an internship and was delayed entry into his classes

1

Copy of this document has been provided to: [signature]
this __ day of __, 20__
by [signature]
S. Vogel, Secretary to
Judge Barbara B. Crabb

because of any protected conduct. In particular, he did "not identify the individuals involved in the decisions, why he believes that either decision was made in retaliation for any speech that he made or even whether the decision makers knew about his speech." Finally, I dismissed his claims against defendants Richard Rice, Fox & Fox, Capital Newspapers, Inc. and Capital Times Newspapers because he did not include any allegations about them in the body of his complaint.

Like his original complaint, plaintiff's amended complaint does not include a narrative or any factual context. Instead, plaintiff simply lists in 67 numbered, often repetitive paragraphs various ways he believes employees at the college "retaliated" against him and "harassed" him. Although he adds many alleged instances of retaliation and he made some attempt to identify the decision makers involved, he still alleges no facts suggesting that any harassment by defendant Moody was severe or pervasive, that Moody's actions were motivated by plaintiff's race or that anyone at the college took any action against plaintiff because he complained about race discrimination or engaged in speech protected by the First Amendment. Accordingly, my conclusion regarding plaintiff's original complaint applies equally to his amended complaint: "Without any factual context for this claim, the 'complaint fails to show that it is at all plausible, rather than perhaps theoretically possible' that defendant[s] violated his rights." Dkt. #9 at 4 (quoting Abcarian v. McDonald, 617 F.3d 931, 937-38 (7th Cir. 2010). In other words, because plaintiff has failed to "give enough details about the subject-matter of the case to present a story that holds together," Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010), he has

failed to state a claim upon which relief may be granted.

Plaintiff adds four new defendants in his amended complaint: Robert Half Technologies, U.W.DoIT, First Choice and Clayton Frink. The first three seem to be places plaintiff sought employment unsuccessfully. He says that he believes that they rejected his applications because other defendants "influenced" the prospective employers not to hire plaintiff as a result of complaints that he made with the college. Even if I assume that any of these entities could be held liable under § 1983 or Title VI, these claims fail because they are dependent on plaintiff's faulty claims against the college. Plaintiff's only allegation against Frink is that he "colluded" with defendant Rice and the college "to help destroy plaintiff['s] livelihood by attacking his grade point average and attempting to get plaintiff to go off the deep end." Dkt. #10 at ¶ 62. Plaintiff does not identify who Frink is, the particular acts by Frink that allegedly violated plaintiff's rights or why he believes Frink acted unlawfully. Accordingly, I am dismissing the amended complaint in its entirety and directing the clerk of court to enter judgment.

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's complaint is DISMISSED for his failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants Reginald Moody, Madison Area Technical College, Richard Rice, Fox & Fox S.C., Clayton Frink, Capital Times Newspapers, Capital Newspapers, Inc., Robert Half Technologies, U.W. DoIT and First Choice Dental and close

this case.

      Entered this 20th day of August, 2012.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge